IN

# THE SUPREME COURT

OF THE

# STATE OF KANSAS,

DURING THE TERM COMMENCING JULY, 1862.

## WILLIAM GALLAHER and GEORGE A. CRAWFORD vs. WILLIAM SOUTHWOOD.

Where trial was had at the October term, 1859, of the district court, and the bill of exceptions of plaintiff in error made, during the trial, was presented not until the next term after, when it was allowed and signed by the judge, but its filing protested to by counsel of defendant in error, *held*, that an exception, to be available, must be made at the term the decision complained of is made.

It must be reduced to writing and presented to the judge for allowance and signature during the term at which it was made.

The judge has no power, even when consent of counsel has been given, to extend the time for reducing exceptions to writing, beyond the trial term.

*E. S. Lowman*, for plaintiffs in error.

I. The bill of exceptions shows that the note was delivered upon the sale of New York Indian lands.

1. No argrement for the sale of such land can be sustained. (*U. S. stat.*, 849, § 11, *Dunlap ed.*)

2. A contract involving a violation of law is void.

3. The note was given not for improvements, but for a "claim." Such a sale is inhibited, even where there is a right of pre-emption. (*U. S. stat.* 990, § 12.)

II. The execution of the conveyance and of the note were the same transaction, and the agreement being void the note is void.

    1. The agreement was void, because it purported to convey the land itself—a part of an Indian reservation.

    2. The grantor was a trespasser, and attained no title by pre-emption.

    3. The grantor was not in possession.

III. The defendant in error is not shown to have taken the note before due ; and in any case the plaintiffs in error are not precluded from making the defense to the note which they have set up.   (*Stat.* 1855, *p.* 155-6.)

The note was not negotiable.   (§ 1, *id.*)

*Wilson Shannon,* for defendant in error.

This case must be dismissed, because the bill of exceptions (if there is any) does not state the evidence in the case in the court below, but only what was proved.   Now what was proved is a mere matter of inference from the evidence produced.

The court below might or might not have drawn correct conclusions from that evidence.   This court is not bound by the conclusions and deductions of the court below.

The evidence should have been embodied in a bill of exceptions, from which this court could find what was and what was not proved.

If a bill of exceptions does not embody all the evidence in a case, or at least, so much as relates to the question decided in the court below, and unless that appear in the record, this court will take no notice of the case, except to dismiss it.

Here there is no bill of exceptions, and no evidence is sent up in a shape that the court can take notice of.

By the Court, EWING, C. J.   This action was brought in March, 1859, in the district court sitting in Bourbon county,

for the trial of causes arising under the laws of the territory, by defendant in error, against plaintiffs in error, by petition in proper form, on a promissory note executed and delivered by Gallaher and Crawford to one Charles P. Bullock, and by him indorsed to Southwood. The note is dated at Fort Scott, Kansas, August 7th, 1857, is for six hundred dollars, payable six months after date, with ten per cent. interest per annum, and on it are indorsed payments of one hundred and fifty-seven dollars and fifty cents, January 25th, 1858, and fifty-five dollars, February 6th, 1858.

The answer sets up that the note was executed and delivered to Bullock in consideration of a conveyance by him to Gallaher of a "claim, piece, or parcel of land," in said county of Bourbon, being the northeast quarter of section thirty-one, township twenty-five, and that said Bullock, at the time of such conveyance, and ever after, had no title or interest in said land, and that said note was indorsed and delivered to Southward after due. A deed of conveyance of the land described, from James M. Powell to Bullock, and one from Bullock to Gallaher, are attached to and declared part of the answer.

On the 14th of October, 1859, the case was tried by the court, and Gallaher and Crawford found indebted to Southwood in the sum of five hundred and seventy-two dollars and twelve cents and costs. Whereupon judgment was rendered and execution awarded.

At the next term of the Court, prescribed by law, a bill of exceptions was presented, setting forth the conclusions of fact found by the court, and the ruling thereon, at the former term, and concluding as follows:

"To which ruling of the said court the said defendants, by their said counsel, excepts, and prays the court to sign and seal this their bill of exceptions, and order the same to be

made part of the record in the case, which is accordingly done, this 14th day of May, 1860.

"[SEAL.] J. WILLIAMS, Judge."

To the bill of exceptions is appended the following note:

" I hereby certify, that subsequent to the trial of this cause, a bill of exceptions was sent to me at Wyandott court which I brought to Fort Scott, and as I now think was submitted to the attorney of the plaintiff for examination, since which time it cannot be found. I also think that at the time of the trial of the cause, it was agreed by the attorneys of the parties that the attorneys for the defendants might file their bill of exceptions within thirty days after the day of the trial, May 14th, 1860. J. WILLIAMS,

"[SEAL.] Judge.

" C. P. Bullock, Esq., attorney.for plaintiff in this suit, now objects to the reception and filing of this bill of exceptions."

The assignments of error in the petition filed here are:

First. "That the New York Indian lands (so called) being an Indian reservation until the selections were made therein by said New York Indians, were not public lands within the meaning of the laws of the United States, concerning the sale or pre-emption of public lands, and therefore the consideration of said note wholly failed.

Second. "That as the amount which had already been paid on said note far exceeded the value of the improvements on the land in question, the remainder as balance of moneys due on said note was wholly without consideration, &c."

The errors assigned are of law, arising from the facts proved on the trial. To avail themselves of the alleged errors, defendants below should have excepted when the decision was rendered, and reduced their exceptions to writing, and presented them for allowance and signature during the term. Neglect of either step were fatal, and, so far as the record shows, they neglected both. Aside from the bill of exceptions, the record shows no special finding of facts by the court, and

no note of exceptions to the decision of questions of law arising from them. The bill itself represents the exception as being taken and the bill presented at the date of the signing, which was at the regular term next after that of the trial—too late either to except or to present the bill for signature. (*Code* 1859, §§ 301, 304; 6 *Ohio S. R.* 12; 10 *id.* 228; 1 *id.* 409.)

The explanatory note does not relieve the difficulty. It shows the last bill itself was presented after the trial term, and while the Judge was holding a term prescribed by law in another county. The Judge had no power, if consent of counsel had in fact been given, to extend the time for reducing the exceptions to writing beyond the term, for the law forbids it. And the parties would not be concluded, provided such unauthorized extension appeared of record.

The prohibition in section three hundred and one of the code is in accordance with the settled practice of courts, arising from statutes or usage, from time immemorial. If parties and judges were allowed to postpone the preparation and approval of bills of exceptions beyond the trial term, and until the testimony of witnesses and the rulings and verbal instructions of the court had begun to fade from their memories, the task of preparing and agreeing upon full and accurate bills of exception, with the best efforts of judges and counsel, would be always difficult and often impracticable.

The bill sent up, with its explanatory foot note stating impressions of the judge as to agreements, and as to submission of the first bill to Southwood's counsel, and its loss, accompanied by protests of counsel against filing the last bill, strongly illustrates the evils in practice against which the statute guards. Had we the power and were we to entertain the case on this record, and suffer its defects to be patched with excuses, we would relax a rule of the code already sufficiently lenient which good practice requires to be strictly enforced.

Ordered by the court that the case be dismissed at the costs of plaintiffs in error and execution awarded thereon.