CLARK'S ADMINISTRATORS v. PARKVILLE & GRAND RIVER RAILROAD COMPANY.

*Error from Wyandotte County.*

Decided *February 12th*, 1865.

1. PROBATE COURT: SERVICE ON ADMINISTRATORS.—Service on one of two administrators of notice of the presentation of a claim against the decedent's estate in the Probate Court is sufficient.
2. RECORD: PROBATE COURT.—The record of the Probate Court need not show more than the amount of the claim, the date of the allowance, the class to which it is assigned, and to whom payable.
3. EXCEPTIONS IN PROBATE COURT.—The testimony can be taken to the Court above only by bill of exceptions.

The P. & G. R. R. R. Co., presented a demand for allowance against the estate of George I. Clark, dec'd, in the probate court of Wyandotte county, for the sum of five hundred dollars, alleged to have been subscribed by Clark, in his life time, to the stock of said company, and on the same day the claim was allowed by the court. The following is the body of the record of allowance:

"This day came plaintiff, by their attorney, William McNeill Clough, and claim $500 against deceased, being full amount subscription by· deceased of ten shares ($50 each)

stock in Parkville & Grand River Railroad Company, and assessment of full amount by said company.

"Upon examination of statutes of Missouri (as to charter) and the original entry in subscription book of said company by defendant, and upon proof of due notice to administrators of the probate of said demand, and upon examination of witnesses to the satisfaction of the court, it is ordered and [adjudged that said claim be allowed against said estate, for the unpaid sum of $500, with costs and assigned to the 6th class of demands."

Subsequently Richard W. Clark and Matthew Mudeater, administrators of the estate of George I. Clark, deceased, filed their petition in error, in the district court of that county for the purpose of reversing the judgment. The judgment of the probate court was confirmed by the district court, to which ruling plaintiffs in error excepted, and the cause was brought to this court for review.

The record of the proceedings in the probate court, brought to the district court, shows the entry inserted above, and notice to the administrators of the presentation of the claim, and proof of the service thereof on Richard W. Clark, administrator. It also contains a bill of exceptions, wherein are noted the exceptions to the judgment of the district court, affirming the proceedings in the probate court, but the record fails to show the testimony introduced in probate court, further than the above entry discloses it.

*Bartlett & Hadley*, for plaintiff in error.

*Wm. McNeill Clough*, for defendant in error.

*For plaintiff in error* it was insisted:

1. The record shows no appearance in the probate court by the administrators, as provided for in section 162, [*Compiled Laws* 536,] nor does it show waiver of service of notice of the presentation of the claim. The record shows no attempt to serve nor service on but one of the two administrators. The court therefore acquired no jurisdiction.

2. An administrator is a trustee, [1 *Bouv. L. Dic.*,] and when there are two, their power and interest are joint and several, [*Peter v. Beverly*, 12 *Curt.*, 243;] hence, judgment could not be taken against the two where only one is served. Service on a local administrator would not give jurisdiction over a foreign joint administrator. The object of appointing . two is that both may be cognizant of every act. Both would be necessary parties plaintiff to an action brought for the estate. [*See Civ. Code.*] A judgment against an estate binds all the representatives, [*Overton v. Woodson*, 17 *Mo.*, 453;] hence, each is interested and should have his day in court. *Howard v. O'Niel, Marsh.*, [*Ky.*,] 125; *Barnes v. Jernegan*, 12 *Sm. & Marsh.*, 108; 6 *Pick.*, 232; 5 *Wend.*, 161; 6 *N. H.*, 299; 1 *id.*, 242; 7 *id.*, 257; 6 *Ohio*, 271; 6 *id.*, 535; 1 *Smith's Lead. Cas.*, 840–3–4.

3. The affidavit attached to the claim is not sufficient. 13 *Mo.*, 143.

*Clough, for defendant in error*, submitted:

1. The record is absolute verity, to contradict which there can be no averment or evidence. *Grignon's Lessee v. Astor*, 2 *How.*, 340; 2 *Phil. on Ev.*, 2; 5 *Ohio St.*, 318; 13 *id.*, 446; 3 *id.*, 500; 18 *id.*, 546–7.

2. The probate court is not required to enter on its record the evidence by which it was satisfied due notice was given to the administrators of George I. Clark's estate. *Grignon's Lessee v. Astor; Obert v. Hammul*, 3 *Harrison*, 79; *Propst v. Meadows*, 13 *Ill.*, 169; 29 *Mo.*, 422.

3. The probate court is a court of record of exclusive original jurisdiction, [*L.* '59, 32, § 158,] and is therefore a "superior court" in the legal acceptation of that term, and its records import absolute verity. 2 *Phil. Ev.*, 2; 2 *How.*, 341.

4. Even if sufficient evidence were not produced to the probate court to justify said court in deciding that "due notice had been given to plaintiffs in error herein," yet, as no bill of exceptions preserving the evidence before said court was filed, this court cannot undertake, without such

evidence, to disturb said judgment. *Augusta & Savannah R. R. Co. v. McElmury*, 24 *Ga.*, 75; *Steadman v. Holman*, 33 *Miss.*, 550; *Pierson v. Birney*, 15 *Texas*, 272; *Armstrong v. Clarke*, 17 *Ohio*, 495; *Coil v. Willis*, 18 *id.*, 28; 10 *Pet.*, 472; 13 *Ill.*, 167; 8 *Ind.*, 197; 3 *id.*, 104; 12 *id.*, 636; 5 *Mo.*, 502–3; 29 *id.*, 422.

5. Service on one executor, and a return of not found as to the other, is good, as they are "joint contractors as to their testator's contracts." *Wynn v. Booker*, 26 *Ga.*, 553, [20 *U. S. Dig.*, 434.]

Notice to one of several administrators is good. *Beal v. Peck*, 12 *Barb.*, 245; *Lewis v. Bakewell*, 6 *La. An.*, 359; *Dean v. Duffield*, 8 *Texas*, 235; *Story on Bills of Ex.*, § 299, *p.* 367, and note 1; *Ponder v. Mosely*, 2 *Fla.*, 297, [20 *U. S. Dig.*, 228.]

6. That the affidavit need not necessarily be noted on the record. *Rankin v. Perry*, 5 *Mo.*, 502–3; *Kincheloe v. Gorman's Admr.*, 29 *id.*, 422; *Overly v. Overly*, 1 *Metc. Ky. R.*, 117.

7. The probate court having exclusive jurisdiction of the allowance of this demand, we are bound to presume that the proceedings were all regular, and that the proper and necessary proofs were introduced; and this applies to the proof of due notice having been given to the administrators. *Propst v. Meadows*, 13 *Ill.*, 166; *Doe v. Bowen*, 8 *Ind.*, 197; *Doe v. Harvey*, 3 *id.*, 104; *Genard v. Johnson*, 12 *id.*, 636; *A. & S. R. R. Co. v. McElmury*, 24 *Ga.*, 75; *Steadman v. Holman*, 33 *Miss.*, 550; *Pierson v. Burney*, 15 *Texas*, 272; *Voorhees v. Bank of U. S.*, 10 *Pet.*, 472; 13 *Ohio S.*, 456.

8. But the affidavit was sufficient.

9. The probate court is not required to enter on its record the evidence upon which it bases its decisions. *Grignon's Lessee v. Astor*, 2 *How.*, 342; *Obert v. Hummul*, 3 *Harrison*, 79; *Propst v. Meadows*, 13 *Ill.*, 169; *Voorhees v. Bank of U. S.*, 10 *Pet.*, 472.

*By the Court*, BAILEY, J.

The judgment below was affirmed.