LAOMI McARTHUR v. DAVID T. MITCHELL.

1. PRACTICE—*Saving Exceptions.* Instructions copied into a transcript without having been made part of the record in the court below, are not part of the record in this court, and cannot be examined.

2. Entering instructions upon the journal, and noting the exceptions thereto, does not make them a part of the record.

*Error from Jefferson District Court.*

MITCHELL brought his action to foreclose a certain mortgage executed by *Laomi McArthur* to and in favor of one Remi H. Lecompt, and assigned to plaintiff. The case was tried at the May Term, 1870, and judgment given in favor of the plaintiff. No bill of exceptions was settled, but the defendant caused the instructions, given by the court to the jury, with the exceptions taken thereto, to be spread upon the journal. The plaintiff's petition set forth certain written instruments, or contracts, besides the mortgage; and the construction given to such instruments or contracts, by the district court, was stated in said instructions to the jury.

The defendant seeks to reverse the judgment of the district court, and brings the case here on error. The transcript brings up the record proper, and contains also a copy of the "instructions and exceptions" spread on the journal.

*N. Hoysradt,* for plaintiff in error, filed an elaborate brief upon the merits of the case; but as none of the questions raised and discussed by him are considered or decided by the court, his brief is omitted.

*Clough & Wheat,* for defendant in error:

1. The plaintiff in error has filed with his petition in

this court, what he therein calls a duly certified copy of the record of the judgment and proceedings in the case; but he does not in any manner bring before, or pretend to present to, this court, any of the evidence offered or given on the trial of said action. It will therefore be presumed that the evidence was sufficient, and this court ought not to consider the question as to whether the court did or did not err in the matter of instructions. *Educational Ass'n v. Hitchcock*, 4 Kas., 36, 40.

2. There is nothing shown to this court from which it can determine that any instructions were either given or refused by the district court. There is neither a "case made," nor a copy of one, nor are there any exceptions reduced to writing in accordance with the provisions of section 303, of the code. Nor is there, in said "transcript," any matter in relation to the giving, or refusal to give instructions shown, as required and allowed by § 276 of the code.

There is nothing in said "transcript" which tends to show that plaintiff in error complied, or attempted to comply with the requirements of the fifth subdivision of § 275 of the civil code.

So much of said "transcript" as purports to show any matter, ruling, decision, exception, or other thing in relation to any instruction, is not to be considered as any part of a *transcript of a record*, but merely as the unauthorized statement of whomsoever so placed them there. *Young v. Martin*, 8 Wallace, 354. See also; 1 Kas., 303–8; 3 Kas., 40, 41; 13 Ohio St., 456; 7 Wallace, 564.

*N. Hoysradt*, in reply, asked that the transcript be returned to the court below for the certificate of the clerk showing that the "journal of proceedings," containing said instructions, had been signed by the Judge.

*By the Court,*

KINGMAN, C. J.: In this case the transcript of the record shows the pleadings and the journal entries as the same remain of record and on file in the office of the clerk of the court below. It contains no bill of exceptions showing the evidence, or any part thereof. Nor do the instructions appear in any bill of exceptions, or as permitted by § 276 of the civil code. In this condition of the record there is no question made that we can decide.

The counsel for plaintiff in error claims that the instructions given and refused were entered upon the journal, and must of necessity have been signed when the judge signed the record. The instructions are copied into the transcript, but it does not appear as part of the journal entries. Plaintiff in error, on the argument of the case, asked to have the transcript sent back so that the truth may be made to appear. Although the motion is made somewhat late in the case, still we think the order in this particular case, under all the circumstances, should be made, if the truth (as it is claimed to be,) would then give the court sufficient grounds to examine into the case on its merits. One of the instructions given is a construction of a writing copied into and admitted by the pleadings. The propriety of the construction given to the writing can be reviewed, and its correctness decided, if the transcript should be amended to show the facts as claimed, if such an amendment (when made) would bring the instruction in a legal form before the court. The question then is to be considered, for this purpose, as if the amendment were made, and the transcript showed that the instructions with the exceptions thereto were entered upon the journal of the court. Would such instructions and exceptions then be before

this court, in any manner authorized by law? The law points out how exceptions are to be taken and preserved. If it be to a *decision*, and the decision is entered upon the record, the exception may be taken by causing to be noted on the record the exceptions: (Code, § 302.) Two things are to take place before an exception can be noted on the record, under this section. First, *a decision*, and second, that *the decision shall appear on the record*. An "instruction" is not a "decision" in any sense; much less in the sense in which it is used in this section. Therefore this section will not apply to the case under consideration.

Another way of preserving an exception is presented in the next section. The party must reduce his exception to writing; it must be signed by the judge, and "filed "with the pleadings as a part of the record, but not spread at large upon the journals of the court." The "instructions" form no part of the "record" until they are made so in the manner above pointed out, or by the method pointed out in § 276. Neither of these ways was taken in this case to make them a part of the record. The party desiring to preserve his exceptions sought to do so, by causing their entry upon the journal—a proceeding as novel as it is unauthorized, being in express contravention of the object of § 303 of the code. The exceptions, then, not being preserved as required by the code, does the transcript of the journal entries, containing the instructions, and the exceptions, present a case for our action? The law provides what *shall* go on the journals, which, so far as this case is concerned, are "the *proceedings* of the court of each day:" (Code, § 705.) Now, in one sense the instructions of the court are "proceedings of the court;" so also is the evidence taken in a cause; and if one is to be taken as "proceedings," then must the other be; and

not only *may* they be entered on the journal, but they *must* be, for the language of the statute is mandatory, and either party has a right to demand, with the power to enforce the demand, that all the evidence and instructions of the court shall be entered upon the journal. The utter absurdity of such a construction, as well as the universal practice, has properly given to the word "proceedings," in this section, a narrower signification, in which only the results of successive steps in the progress of the case are noted on the journal. The instructions then, have no proper place on the journal, because the entry of them is not authorized by law. A copy of a paper from a book of records, that is not by law authorized to be recorded, is of no validity; and if the transcript in this case should be amended, as desired, and the amendment should show that the instructions were spread upon the journal, it would then only be the transcript of a record not authorized by law to be made, and not of such verity as would authorize this court to act upon it. We do not wish to be technical. It is but just, and in the real spirit of the code, that every facility should be extended to allow the record to speak the truth. Nor are we disposed to cavil over the forms in which a record is made to show the rulings of the court, if we can get at the true meaning and history of the case, without overlooking uniform precedent and positive law; but "courts will not sanction a speculative novelty without the warrant of any principle, precedent, or authority," such as is the attempt to preserve exceptions by the costly and cumbersome method of spreading instructions upon the journal in order that the exceptions to them may be noted on the record. The next step, and some clever and ingenious attorney, with rare skill to avoid labor himself at

the cost of his client, or adversary, and forgetting the disinterested motives that characterize and usually control the profession, will have the evidence spread upon the journal, that his exceptions may appear there also. It is wiser to adhere to the simple provisions of the code, as they are usually understood and applied. If the record be amended, there will still be nothing for us to act upon; therefore the judgment below is affirmed.

BREWER, J., concurring.