Kshinka v. Cawker.

R. F. G. KSHINKA, *et al.,* v. E. H. CAWKER.

INSTRUCTIONS — *To be Considered, must be made Part of the Record.* Instructions not embodied in a formal bill of exceptions, nor signed by the judge of the court below as provided by statute, nor embodied in a case made for the supreme court as provided by statute, form no part of the record, and will not be considered by the supreme court.

*Error from Mitchell District Court.*

ACTION by *Cawker* against *Kshinka* and two others. The petition alleged that plaintiff and defendants had executed their certain joint note for $300, and interest, which plaintiff had paid; that the amount so paid by him, including interest, was $387.84; that said sum was the joint debt of plaintiff and defendants, and he claimed to recover from defendants three-fourths of said sum, $290.88. Answer, general denial, and that defendants were sureties on said note for plaintiff.

Trial at the March Term 1874. Verdict and judgment for plaintiff, and defendants bring the case here. The errors complained of are stated in the opinion.

*R. C. Clark,* and *Smith & Knight,* for plaintiffs in error.

*Horace Cooper,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiffs in error claim that the court below erred in giving the first and second instructions to the jury, and in refusing to give the third instruction asked to be given by the plaintiffs in error, defendants below. The defendant in error claims that no error is shown by the record. Indeed, the defendant in error claims that the greater part of what the plaintiffs in error file in this court as the record of the case, is no part of the record whatever. We think no error is shown, for various reasons. The supposed record does not purport to contain all the instructions given, and hence we cannot consider the one refused. (*Ferguson v. Graves,* 12 Kas. 39.) The first instruction given was not excepted to, and hence we cannot consider it. (*Wyandotte v. Noble,* 8 Kas. 444; *Norton v. Foster,* 12 Kas. 45.) But none of the instructions given or refused are made a part of the record of the case. "Instructions copied into a transcript, without having been made part of the record in the court below, are not part of the record in this court, and cannot be examined." (*McArthur v. Mitchell,* 7 Kas. 173.) Even "entering instructions upon the journal, and noting the exceptions thereto, does not make them a part of the record." (Same case.) "Instructions not embodied in a formal bill of exceptions, nor signed by the judge of the court below, as provided by statute," (code, §§ 276, 303,) nor embodied in a case made for the supreme court, as provided by statute, (code, §§ 546 to 549; Laws of 1871, p. 274,) "form no part of the record, and will not be considered by the supreme court." (*Moore v. Wade,* 8 Kas. 381.) And "a paper found in the record, purporting to be a bill of exceptions, if

not signed by the judge, cannot be noticed by the supreme court." *Waysman v. Updegraph,* McCahon, 89.    See also Gen. Stat. 686, Code, § 303.   It is also necessary that a case made for the supreme court should be signed by the judge of the court below. (Code, § 548; Laws of 1871, p. 274.)   In the present case the instructions, or a portion of them, are found in the transcript brought to this court, but they are not signed by the judge of the court below, and they are not even embodied in any paper or proceeding signed by the judge of the court below.   At what time they were filed in the case, is not shown.   A bill of exceptions must be filed during the term, to be of any force or value.   Code, § 300; *Gallaher v. Southwood,* 1 Kas., 143.

The judgment of the court below will be affirmed.

All the Justices concurring.