## ESTATE OF E. W. BAKER v. ALFRED H. HENTIG.

1. CASE-MADE, *Unauthorized*. Neither a probate judge nor the probate court has any authority to settle and sign a case-made.

2. ———— *Practice; Error*. H. filed and presented to the probate court a claim for allowance against the estate of B., deceased. A hearing was. had upon the claim, and the probate court rejected it. H. excepted, and took the case to the district court by petition in error. Attached to this petition was a paper, certified to by the probate judge, that the case had been settled by him, and contained a correct statement of the proceedings and evidence in the matter necessary to present the errors complained of to the district court, and was indorsed in writing by all the attorneys in the case that they had no suggestions by way of amendment to make. It appeared upon the face of the record that all the evidence was not contained in it. The district court reversed the judgment of the probate court. *Held*, Error, as the court could not say from the record that the judgment of the probate court was unsupported by evidence.

### Error from Shawnee District Court.

THIS suit originated in the presentation of a claim by the defendant in error against the *Estate of E. W. Baker*, deceased, to the probate court of Shawnee county, for allowance. It was alleged that the defendant in error had a judgment against the Topeka Rolling Mill Company, a corporation, and others; that execution had been issued on the judgment, with the return, *nulla bona;* that E. W. Baker, in his lifetime, was a paid-up stockholder in said company to the amount of $1,000; and that, as such stockholder, he was liable to said *Hentig* in the amount of his stock. Evidence was heard in the probate court, and the allowance refused, and exception taken. The said *Hentig* then filed a petition in error in the district court of said county, and attached thereto what did not purport to be the full proceedings and evidence before the probate court, and asked for the reversal of the judgment of the probate court. The language of the certificate to the transcript made by the probate judge is as follows:

"I certify that the above case has been settled by me, and contains a correct statement of the proceedings and evidence

in this matter necessary to present the errors complained of to the district court."

The following written indorsement was also entered on the papers:

"This case was submitted to me, and I have no suggestions by way of amendment.

"N. C. McFARLAND, *Att'y for Adm'r.*
"F. G. HENTIG, *Att'y for Claimant.*"

The hearing on the claim was had in the probate court, on July 25, 1877. The certificate to the record is dated August 11, 1877. The district court, at its May Term, 1878, reversed the judgment of the probate court, and the petition in error filed in this court seeks to reverse the findings and judgment of the district court.

*N. C. McFarland,* for plaintiff in error.

*Hentig & Sperry,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The main allegation of error to which our attention is called, is the action of the district court in reversing the judgment of the probate court upon a transcript which not only did not purport to contain all the evidence in the case, but which showed affirmatively that all the evidence was not incorporated in the record. The point is well taken. The district court must have considered the transcript in the light of a case-made, and upon the ground that it contained a statement of so much of the proceedings and evidence as was necessary to present the errors complained of, it reviewed the testimony and reversed the judgment. This was error. Neither a probate court nor a probate judge has any authority to settle or sign a case-made. Such power exists only in a district judge or district court. (*Clark v. P. & G. R. R. Co.,* 5 Kas. 654; § 547 of the code; § 1, ch. 114, Laws of 1871.) Section 550 of the code gives no authority to make a case, but only points out the mode of obtaining authenticated copies of records. As a transcript, the record here is

defective. It does not show that any bill of exceptions was signed or filed; nor does it purport to be all of the proceedings in the case. On its face it appears that very material evidence was omitted. For instance, the foundation of the claim of the defendant in error was the allegation that on the 26th day of May, 1875, he recovered a judgment in the district court of Shawnee county, against the Topeka Rolling Mill Company. No valid evidence of any such judgment was set forth in the transcript. The statement of the clerk was insufficient for the district court to act upon, when it appeared that all the records of this pretended judgment were before the probate court and examined by it. Counsel for the defendant in error seem to rely upon the certificate of the probate judge. That is additional evidence that the case was taken up on a case-made, and corroborative of this is the fact that the record was handed to the attorney of the administrator and indorsed by him that he had no suggestions of amendments to make. Instead of the certificate of the judge or the indorsement of the attorney aiding the defects complained of, they tend clearly to show the record was improperly prepared to take the case to the district court, to have a decision upon the question whether the judgment of the probate court was sustained by evidence. The certificate of the judge was unsuitable for a transcript, or a bill of exceptions. His opinion that sufficient portions of the evidence and proceedings were embraced in his transcript to present the errors complained of, was of no binding effect, and did not conclude any of the parties. If it was intended for a bill of exceptions, or a transcript, this language was unnecessary. These words, instead of strengthening the character of the record, only weaken it for the purposes for which it was used; at least, they tend to show more emphatically the fatal imperfections which inhere therein. So, in whatever view we may consider the record and papers presented to the district court, they are so defective that the court could not say the judgment of the probate court was unsupported by sufficient evidence, and therefore ought not to have reversed it.

The judgment of the district court, reversing the decision of the probate court, must be reversed.

All the Justices concurring.