Per Curiam:

This case comes to.us upon what purports to be a certified transcript of the pleadings, journal entries of *163 tbe judgment, and the proceedings at the time and subsequent to the trial. The errors alleged are errors of law occurring at the trial, and concern the reception of incompetent evidence, the giving of erroneous and misleading instructions, the refusal of instructions declaring the law pertinent to the case, the misconduct of the defendant in error, and the overruling of a motion to set aside the findings of the jury. The record is in such a condition that we are unable to consider and pass upon these various questions. On page 24 of the transcript it appears that the trial was commenced April 1, 1881, and upon page 50 of the transcript the statement is made that the court then adjourned sine die, presumably on April 1, 1881, and the bills of exceptions, Nos. 1 and 2, were filed afterward, to wit, on the 30th day of April, 1881, and follow the record of the adjournment of the court. The alleged errors based upon these various bills of exceptions filed after the adjournment of the court sine die have no foundation for examination, as the bills of exceptions were filed out of time, and are no part of the record. (Brown v. Rhodes, 1 Kas. 359; Lownsberry v. Rakestraw, 14 Kas. 151; The State v. Bohan, 19 Kas. 28.) The instructions are not before us as permitted by §276 of the civil code. (McArthur v. Mitchell, 7 Kas. 173.) In this condition of the record, there is no question submitted to us by counsel for plaintiffs in error which we can decide, and upon the record as presented to us the judgment of the district court must be affirmed.