## JAMES F. LITSEY v. THOMAS O. MOFFETT.

1. CONTEST COURT—*Case-Made.* A contest court has no power to settle and sign a case-made.

2. BILL OF EXCEPTIONS, *Invalid.* A bill of exceptions from the proceedings of a contest court which does not appear to be signed before the adjournment of the court, and which is signed by only one of the three judges thereof, is invalid.

3. EVIDENCE, *How Preserved.* Evidence offered before a contest court becomes part of the record only by being preserved in a bill of exceptions.

4. ERROR, *Immaterial.* When the record fails to show upon what grounds a contest is made, an error in the admission of the testimony concerning the qualifications of an elector is immaterial.

5. ERROR, *Immaterial.* Where error is alleged in rejecting testimony as to the qualifications of an elector, and it appears that the result would not have been changed whether the elector was shown to be qualified or not, the error, if any there was, is immaterial.

### Error from Harper District Court.

AT the February Term, 1882, of the district court, defendant *Moffett* had judgment against plaintiff *Litsey*, who brings the case here. The opinion states the facts.

*Finch & Finch,* and *I. P. Campbell,* for plaintiff in error.

*S. S. Sisson,* and *Grove & Shepard,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, contested the election of defendant in error to the office of county treasurer of Harper county. The contest court decided against the plaintiff, who sought to take the case to the district court. He attempted to do this in three ways—by a bill of exceptions, by a case-made, and by a transcript from the record of the contest court. The district court decided against him, and now he alleges error. We think the ruling of the district court was correct, and must be sustained. The case-made was worthless, for the following reasons: The contest

court adjourned February 10th, giving plaintiff in error thirty days in which to prepare a bill of exceptions. No time was given to make a case. On March 11th, the case-made was served. Hence the case-made fails for two reasons: First, it was served out of time; second, a contest court had no authority to settle and sign a case-made. (*Estate of Baker v. Hentig*, 22 Kas. 323.)

The bill of exceptions was also worthless, because it does not appear to have been signed before the final adjournment of the contest court, and was signed by only one of the three judges of that court. (*Gallaher v. Southwood*, 1 Kas. 143; *Brown v. Rhodes*, 1 Kas. 359.)

The transcript from the records of that court was insufficient, first, because evidence does not become a part of the record save by bill of exceptions. (*McArthur v. Mitchell*, 7 Kas. 173; *Kshinka v. Cawker*, 16 Kas. 63.) Second, because the grounds of contest do not appear in such transcript, and it therefore is not shown that the testimony narrated therein was pertinent to the issues presented in the contest; hence, any error of the court, if error there was, was immaterial. (*Whitney v. Harris*, 21 Kas. 96.) And third, if the voter Rice had been shown to be an illegal elector, that fact would not, in view of the other findings made by the contest court, have changed the result of the election. The ruling of the district court was therefore right, and must be affirmed.

All the Justices concurring.