THE TOWNSHIP OF EL DORADO, IN BUTLER COUNTY, v.
M. J. GORDON *et al.*

TOWNSHIP TREASURER'S BOND —*Action, When Barred.* An action to re-
cover a balance due a township on a township treasurer's bond is
barred in five years after a demand has been made for its payment
by the legally-qualified successor of the treasurer who executed the
bond.

*Error from Butler District Court.*

ACTION by *El Dorado Township*, in Butler county, against
*Gordon* and others, on a township treasurer's bond. At the
March term, 1892, separate demurrers to the evidence were
sustained, and plaintiff brings error.

*Redden & Schumacher*, for plaintiff in error:

Gordon executed a bond, and the amount and sufficiency
thereof was approved by the board of county commissioners
on the 17th day of April, 1885. This bond did not take ef-
fect, and did not become binding, and was not legally a bond,
until that date. A township treasurer holds his office for one
year and until his successor is elected and qualified (see ¶ 7075,
Gen. Stat. of 1889); and under this provision, in the absence
of the statute of 1885, Gordon's term of office would have
continued until his successor was elected and qualified, which
was January 4, 1887. Whether the law of 1885 was appli-
cable or not, there was no breach of the bond until after Jan-
uary 4, 1887.

The defendants set up the five-year statute of limitation;
they are bound by this plea; that being the statute set up, it
is the only one the court can consider. As the demand was
made upon Gordon in January, 1887, and he then failed to
pay, that was the date of the breach of his bond; the suit
being brought on January 1, 1892, five years had not elapsed
since the breach of the bond, and therefore this plea was not
good; and the plea not being good, the demurrer to the evi-
dence, which must relate to the pleading in the case, was im-

properly sustained. The defendants relied upon the case of *Ryus v. Gruble*, 31 Kas. 767, but we think that decision is not applicable to the present case.

The court erred in refusing to allow the plaintiff to amend its petition to conform to the facts proven. 4 Kas. 42, 524; 6 id. 456; 8 id. 211, 568; 9 id. 235; 10 id. 268; 11 id. 74; 12 id, 447, 547; 16 id. 259; 24 id. 106; 36 id. 599, 601.

*Leland & Harris*, for defendants in error:

There is no merit in the suggestion of counsel for plaintiff in error, that in *Ryus v. Gruble*, 31 Kas. 767, the action was for a misfeasance, while in the case at bar the action is for nonfeasance. See *The State v. Conway*, 18 Ohio, 235; *The State v. Blake*, 2 Ohio St. 147; *The State v. Newman's Executors*, 2 id. 568.

As the bar of the five-year statute did not appear upon the face of the petition, but would so appear from the testimony, we pleaded said statute. The bar under the two-year statute (as we claim), under the Ohio decisions and 31 Kas., *supra*, appeared on the face of the petition, and would be sustained by the proof; hence we did not plead it. The bond was executed and delivered and filed with the county clerk long before the passage of the act of March 14, 1885, and the liability of the sureties thereon thereby became fixed, and their liability under the contract should be determined by the law in force at the time of the execution of the contract by them. *McCracken v. Todd*, 1 Kas. 148–168.

The matter of the amendment of the pleadings is largely in the discretion of the trial court, and the rulings of the lower courts on allowance of amendments will not be disturbed unless they manifestly appear to be erroneous and clearly an abuse of discretion. 14 Kas. 398; 4 id. 524; 11 id. 74; 5 id. 155.

Opinion by SIMPSON, C.: Action to recover the amount specified in the bond of a township treasurer. M. J. Gordon was elected treasurer of El Dorado township, Butler county,

in February, 1885.   He filed his oath of office and bond, with
Ellet and Frazier as sureties, on the 18th day of February,
but the bond was not approved by the board of county com-
missioners until the 17th day of April, 1885.   Gordon acted
as treasurer until some time in December, 1886.   At the fall
election in November, 1886, Adams was elected as treasurer of
said township.   He filed his oath of office and bond on the
18th day of November, 1886, but his bond was not approved
by the board of county commissioners until the 4th day of
January, 1887.   At a meeting of the township board in the
month of October, 1886, a settlement was made with Gordon
that showed a balance in favor of the township of $1,350.38.
Adams, the succeeding treasurer, testified at the trial that in
December, 1886, he made a demand on Gordon to pay over to
him the balance due the township; and that subsequently, in
January, 1887, he made another demand.

This action was commenced on the 1st day of January,
1892, by the filing of a petition and *prœcipe*, and summons
was served on all of the defendants on the 2d day of January,
1892.   Trial was had, and, after the township had introduced
its evidence and rested, each of the defendants filed his separ-
ate demurrer, claiming that it failed to prove a cause of action
in favor of the township against either of the defendants.
The court sustained the demurrers.   The defendants had
pleaded the five-year statute of limitation.   The township
brings the case here for review.

The controlling question is whether the cause of action al-
leged in the petition of the township is barred by the five-
year statute of limitation.   Of course it was the duty of
Gordon to pay over the money in his hands belonging to the
township to his successor in office as soon as his successor was
duly qualified; that is, as soon as he had taken the oath of
office and filed his official bond.   This he did not do.   Adams
filed his oath and bond on the 18th day of February, 1886,
and on the succeeding 1st day of January, 1887, Adams was
induced by Gordon to receipt to him for the full amount
found due by the October settlement, to wit, $1,350.38; but

of this amount Gordon only paid, at the time the receipt was given, the sum of $400, and made subsequent payments reducing the amount owing to the township to $747.10. The amount of the bond sued upon is $500. Adams had no legal right to receipt for the balance due the township from Gordon, unless it was actually paid in money. It follows from the evidence that the conditions of the bond were violated when the demand was made in December, 1886, and not complied with, and at that time a cause of action arose in favor of the township, unless the contention of counsel for plaintiff in error, that Adams was not authorized to make demand or receive the moneys of the township until his bond was approved by the board of county commissioners, is good. The logic of the case of *McCracken v. Todd*, 1 Kas. 146, is against this contention of counsel. This court says:

"Todd was sheriff from the date he accepted his commission, and his neglect, or that of the court, to have his bond approved, did not vacate the office. His official acts, notwithstanding such failure, were binding and effectual."

If this question was presented under a different aspect, it might be a very serious one. Is an outgoing treasurer, who is responsible for a large amount of money, required to pay it over to his successor in office before the bond of the successor is approved by the proper authority? It may be that the approval relates back to the filing of the bond; but suppose the bond is not approved and other and different sureties are required, or the bond is rejected because its conditions do not conform to the requirements of the statute. But Gordon never made any objection to pay on that account, and we are now unable to see how the township can take advantage of the fact that the bond of Adams, the successor of Gordon, was not approved until the 4th day of January, 1887. As a matter of fact, the identical bond filed by Adams on the 18th day of November, 1886, was approved on the 4th day of January, 1887, and as a matter of law probably that approval related to the filing of the bond, in the previous November. The contention of the township is, that Adams could not legally

make a demand for, or was not entitled to receive, the township money until his bond was approved, and this approval being on the 4th day of January, 1887, the suit commenced on the 1st day of January, 1892, is in time.    But, as we have seen, a liability on the bond occurred in December, 1886, and the cause of action being barred by the five-year statute of limitation, all other questions are immaterial, and we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.