THOMAS CROSS *et al.*, *as Executors*, *etc.*, v.
D. A LONG.

**No. 12,948.**   (71 Pac. 524.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT — *Appearance of One Executor Sufficient.* The appearance in probate court at a hearing upon a claim against an estate, and consent to the allowance of such claim, by one of two joint executors, without notice to, or the concurrence of, the other, is sufficient to bind the estate.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed February 7, 1903.   Affirmed.

*Troutman & Stone*, for plaintiffs in error.

*P. H. Forbes*, for defendant in error.

The opinion of the court was delivered by

BURCH, J.: Thomas Cross and Hannah M. Johnston were the executors of the will of Rhoda W. Cross, deceased. The probate court of Shawnee county allowed a claim against the estate they represent. Afterward they filed a petition in the probate court to set aside the judgment of allowance, which petition was denied, and they appealed to the district

court. A trial was there had, in which it was admitted that no notice of the presentation or allowance of the claim had been served on either executor, and that Hannah M. Johnston was not notified and did not appear at the hearing, or consent to the allowance. The sole question presented to the jury was whether Thomas Cross, as one of the executors, had appeared in the probate court at the hearing and consented to the allowance of the claim. This question the jury answered in the affirmative, and judgment was rendered against the appellants. That judgment is now the subject of review.

Thomas Cross claimed that on the day of the hearing he was at the city of Salina, and, hence, could not have been in the probate court of Shawnee county. To prove this fact he offered in evidence the pass-book of his bank at Salina, showing the deposit of money made there that day. This evidence the court rejected, but he was allowed, in the same connection, to state fully, without objection, what the entry in the pass-book was, and hence he could not have been prejudiced by the ruling of the court, conceding it to have been erroneous.

In opposition to the claim of Cross a witness testified to a conversation had with him in Ohio, apparently material, in which Cross was confronted with certain letters. In the conversation the witness read the letters to Cross. In his testimony the witness stated the contents of the letters, without producing them. It was contended that the statement of the witness was not the best evidence. The question, however, was as to what occurred between the witness and Cross, and the letters read were merely parts of the conversation. It was not sought to prove the contents of a writing, but to present the details of an

interview, and the witness could state what was said to Cross out of the latter's letters as well as what he said as coming from himself.

The only important question for determination is whether appearance in probate court at a hearing upon a claim against an estate, and consent to the allowance of such claim, by one of two joint executors, without notice to, or the concurrence of, the other, is sufficient to bind the estate. In *Clark's Adm'r v. P. & G. R. R.*, 5 Kan. 654, the record disclosed a notice to both administrators, but proof of service of such notice on only one of them, and the syllabus of the case is as follows :

"Service on one of two administrators of notice of the presentation of a claim against the decedent's estate in the probate court is sufficient."

Since the only purpose of notice is to advise the party of the hearing, notice may be waived, and appearance at the hearing, without objection, is equivalent to such waiver. There can be no distinction between executors and administrators in this respect. While it is true that in many matters the joint action of all the representatives of an estate is essential, the presentation of a claim against the estate to one of them is by the law of many states sufficient. (8 A. & E. Encycl. of L., 2d ed., 1074.) This is for the reason that all the executors are regarded in law as one person, and as having joint and entire authority over the whole estate, so that the act of any one of them in respect to its administration is the act of all.

The decision in *Clark's Adm'r v. P. & G. R. R.*, supra, has furnished the basis of probate procedure in such cases since 1865, without legislative intervention, and it should not now be disturbed, even if its doctrine were not entirely satisfactory. Since, under

its authority, notice to one representative is sufficient to bind the estate, it must follow that the appearance and consent of one alone is likewise sufficient.

The judgment of the district court is therefore affirmed.

All the Justices concurring.