FAN BURNS *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 15, 1888.*

1. EXCEPTIONS AND BILLS OF EXCEPTIONS—*exception must be taken.* A ruling in the trial court in respect to instructions will not be considered on error unless proper exception is taken.

2. SAME—*bill of exceptions—what it should contain.* If a defendant on trial upon a criminal charge, wishes to assign for error the refusal of the court to exclude attorneys employed to assist the prosecution, from taking any part in the case, he should enter a motion to that effect, procure a decision of the court on the motion, except to the ruling, and then make the motion, ruling and exception a part of the record by bill

---

of exceptions. If the bill of exceptions fails to show what disposition was made of such motion, and that an exception was taken to the ruling of the court, the point will not be considered.

3. If a party desires to assign for error the fact that the court erred in not sustaining challenges to jurors, and in ordering the sheriff to call bystanders to act as jurors, the bill of exceptions must show the ruling of the court on the subject, and an exception thereto, otherwise the assignment can not be considered.

4. In order to present the question whether the modification of an instruction asked is erroneous, it is not sufficient that the record shows that the instruction was modified. The bill of exceptions should show in what manner it was modified.

5. Instruction—*argumentative.* Although an instruction asked may contain correct propositions of law, yet if the propositions are so stated as to render the instruction argumentative, there will be no error in its refusal.

6. New trial—*newly discovered evidence.* A new trial will not be granted on newly discovered evidence which is merely cumulative.

Writ of Error to the Circuit Court of Bureau county; the Hon. Charles Blanchard, Judge, presiding.

Messrs. Gibons & Gibons, for the plaintiffs in error:

It is error to allow counsel employed and paid by private parties to prosecute in a criminal case, against the objection of the defendant. *Meister* v. *People,* 31 Mich. 99; *Commonwealth* v. *Knapp,* 10 Pick. 477; *Commonwealth* v. *Williams,* 2 Cush. 585.

When a juror states he has formed an opinion as to the guilt or innocence of the defendant, but believes he can give the parties an impartial trial, he is incompetent; and it was error to call jurors from the bystanders, who are usually attracted through curiosity.

The court erred in refusing a new trial, and in modifying the first instruction of plaintiffs in error, and in refusing their sixth instruction. 1 Starkie on Evidence, 571, 573, 575; 1 Greenleaf on Evidence, sec. 13; *McMahon* v. *People,* 120 Ill. 581; *Marlatt* v. *People,* 104 id. 364.

284 BURNS *et al. v.* THE PEOPLE.

Brief for the People.   Opinion of the Court.

Mr. GEORGE HUNT, Attorney General, and Mr. M. U. TRIMBLE, State's Attorney, for the People:

The bill of exceptions fails to show that plaintiffs in error excepted to the ruling of the court allowing James S. Eckels and R. M. Skinner to assist in the prosecution.   All motions and decisions thereon are made a part of the record only by bill of exceptions.   *Hay* v. *Hayes,* 56 Ill. 342; *Snell* v. *Church Trustees,* 58 id. 292; *Gaddy* v. *McCleave,* 59 id. 183.

A statement by the clerk, in the record, that the party excepted, is not sufficient.   *Boyle* v. *Levings,* 28 Ill. 314; *Tarble* v. *People,* 111 id. 120; *Graham* v. *People,* 115 id. 566.

If the ruling and exception thereto are not made a part of the record by bill of exceptions, the ruling can not be assigned for error.   *McClurkin* v. *Ewing,* 42 Ill. 283; *Earll* v. *People,* 73 id. 329; *Holmes* v. *People,* 5 Gilm. 478.

There was, however, no error in allowing assistant counsel for the prosecution.   *State* v. *Fitzgerald,* 49 Iowa, 260; *State* v. *Montgomery,* 65 id. 483; *Tolin* v. *State,* 14 Neb. 540; *State* v. *Bartlett,* 55 Maine, 260; *Bradshaw* v. *State,* 17 Neb. 147.

No exception was taken to the ruling of the court in respect to the selection and challenge of jurors.   The evidence fully justified the verdict.

Per CURIAM:   On the night of January 17, 1888, the bank of Stevens & Welsh, of Tiskilwa, was entered, the safe blown open, and $5000 in money stolen.   Fan Burns and Thomas Watson were indicted for the offense, and on a trial before a jury they were found guilty, and their term of imprisonment fixed at ten years in the penitentiary.   The court denied a motion for a new trial, and rendered judgment on the verdict of the jury, and this writ of error is sued out to reverse the judgment.

Two members of the bar were employed by the parties interested in the bank, to assist the county attorney of Bureau

county in the trial of the cause. The defendants entered a motion to exclude the two attorneys who had been retained to assist the prosecution, from taking any part in the trial of the cause. The court denied the motion, as it is said, and the decision is relied upon as error. The bill of exceptions contained in the record fails to show what disposition was made by the court of the motion, nor does the bill of exceptions show that defendants excepted to any ruling of the court on the question. Under such circumstances, the point attempted to be raised is not presented by the record, and can not be considered. If the defendants desired to raise the question, they should have entered the motion, procured a decision of the court, excepted to the ruling of the court, and then made the motion, ruling and exception a part of the record, by bill of exceptions. This, however, was not attempted.

It is next urged, in the argument, that the court erred in not sustaining challenges to jurors, and in ordering the sheriff to call bystanders to act as jurors in the case. We find no ruling on this subject, or exception thereto in the bill of exceptions. There is, therefore, no question in regard to jurors presented by the record.

It is next claimed, that the evidence is not sufficient to authorize the verdict. The testimony introduced to establish the guilt of the defendants, was, in the main, circumstantial evidence, and while it was not as clear and positive in its character as we might desire, still we are not prepared to say, after a careful examination of all the evidence, that the jury was not justified in finding the defendants guilty.

It is next urged, that the court erred in modifying defendants' first instruction. It appears, from the record, that the instruction was modified, but in what manner it was modified does not appear from the record, and hence it is impossible to determine whether the modification was correct or incorrect.

The court refused defendants' instruction No. 6, and the ruling is claimed to be erroneous. The instruction contains

propositions of law that may be correct, but the manner in which they are stated rendered the instruction argumentative, and being argumentative, it was not error for the court to refuse to give it to the jury. But aside from this, it does not appear, from the bill of exceptions, that the decision of the court in refusing the instruction was at the time excepted to by the defendants, and if they failed to except to the decision of the court, then they can not complain now.

Exception was taken to the giving of instructions for the People, but we find no exception as to the action of the court on defendants' refused instructions.

On the motion for a new trial, a large number of affidavits were read in support of the motion. It will, however, be remembered, that on the trial the defendants relied as a defense upon the proof of an *alibi*, the defendant Watson claiming that on the night the burglary was committed he was in Evansville, Indiana, and the defendant Burns claiming that he was in Clinton, Iowa. Evidence was introduced by the respective parties to prove that neither defendant was at Tiskilwa on the night the crime was committed, but one was in Evansville, and the other in Clinton. From an examination of the affidavits filed on the motion, it will be found that the newly discovered evidence is merely cumulative, and, under the repeated decisions of this court, such newly discovered evidence is not ground for a new trial.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*