# Commonwealth of Pennsylvania v. Anthony McGowan, Appellant.

*Criminal law—Murder—Assignments of error—Exceptions—Review.*

On an appeal from a verdict of guilty of murder, where errors are assigned to rulings and instructions which were not objected to at the trial, and the relevancy of such matters to the defense set up in the prisoner's account of the murder is not denied, they furnish no basis for assignments of error or for just criticism.

*Criminal law—Murder—Expression of opinion by the court.*

In charging a jury in a homicide case the court may express an opinion that there is nothing in the case to reduce the crime to manslaughter where the same is warranted by the evidence, and is not given as a binding instruction, and the jurors are instructed that the questions of fact depending upon it are determinable by them and not by the court.

*Criminal law—Murder—Self-defense.*

A homicide purposely committed is not excusable on the ground of self-defense unless the person committing it reasonably believed at the time that it was necessary to save his own life, or to save him from great bodily harm.

*Criminal law—Murder—Intoxication as a defense.*

In a homicide case if the evidence shows that the act was committed with deliberation and premeditation, the intoxication of the prisoner will not reduce the grade of the murder to that of the second degree.

In a trial for murder it was not error to charge that "the jury must bear in mind that it is only the effect the intoxication in this case had upon the prisoner's mind, in regard to his ability to design, deliberate, and meditate upon, and fully comprehend, the act he did, previous to its performance, which is material."

Argued Nov. 14, 1898.   Appeal, No. 129, Oct. T., 1898, by defendant, from judgment of O. & T. Allegheny Co., Dec. T., 1897, No. 29, on verdict of guilty of murder of the first degree. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Indictment for murder. Before STOWE, P. J.

At the trial it appeared that the prisoner shot and killed his wife on December 31, 1897. He alleged that at the time of the shooting his wife attacked him with a knife, and that he killed her in self-defense. He also alleged that he was under the influence of liquor at the time.

Under objection and exception the court refused to admit evidence that in 1889 Mrs. McGowan kept a speak-easy. [6]

When the prisoner was on the stand the court asked him this question :

" You were perfectly cool, were you, at this time ? " to which the prisoner made no response, and the court added : " You were not angry at the time your wife made this attack upon you ? " to which the prisoner answered, " No, sir." The court asked, " You were cool and deliberate ? " and the prisoner answered, " I was not very angry. We hadn't spoken to one another all day for a week."

No exception was taken to these questions. [1]

The court charged in part as follows :

Then was the killing excusable by way of self-defense ? Upon this question, the true criterion of self-defense is, whether there existed such a necessity for killing his wife, as required the prisoner to do so in defense of his life or person from great bodily harm. It is for the jury to determine, under all of the evidence, whether this defense is sustained. If upon the whole, the testimony raises a reasonable doubt with regard to it, the prisoner is entitled to a verdict of acquittal, but before there should be an acquittal upon that ground, the jury should be satisfied by the weight of the evidence, that the wife did actually make an attack upon the prisoner which was dangerous to him, or such as reasonably led him to believe that he was in danger of death or great bodily harm. If no such an attack was made, of course the plea of self-defense entirely fails.

[If the prisoner is not entitled to a verdict of acquittal upon this ground, there is another view of the case. If you are led to believe that the wife did actually make an attack upon the prisoner, as claimed by him, and that is, whether or not he was so aroused and enraged by the attack as to place him beyond the control of his reason and suddenly impelling him to shoot

his wife, so as to reduce his offense from murder to manslaughter. But I feel compelled to say here, the prisoner's own evidence does not, in my opinion, show any such rage or anger on his part as would reduce the offense to manslaughter if the killing was unlawful. The fact, however, is for your determination and not mine. In answer to the court he said he was not excited and was not enraged, and was perfectly cool, at least in substance. If that was so, then if the killing was unlawful, it could not be reduced to voluntary manslaughter. It must be at least murder.] [2]

This brings us to consider the law in regard to the effect of drunkenness as a partial or complete defense in cases of homicide. The jury must, however, bear in mind that drunkenness itself is no excuse whatever, but where the drunkenness is such as affects the condition of the mind at the time the offense is committed, it is to be considered by the jury so far only as it may affect the particular offense alleged where the mental condition is an element in the question under consideration.

[But the jury must bear in mind that it is only the effect the intoxication in this case had upon the prisoner's mind in regard to his ability to design, deliberate and meditate upon, and fully comprehend the act he did, previous to its performance, which is material. The fact of intoxication making him nervous, irritable, quarrelsome, is no excuse, if he acted more irritably and recklessly than he would have done if he had been sober. The mere fact of the man being drunk, or in the habit of getting drunk, being more irritable and more likely to take offense and more disposed to do mischief than he would otherwise be, is no excuse for any offense he may commit under those circumstances. If he knew what he was about and fully comprehended the situation when he fired the fatal shot, it makes no difference how drunk he may have been at the time.] [7]

We have been asked by the defendant's counsel to say to you:

1. If the jury believe from the evidence that at the time the prisoner fired the fatal shot he was acting under the belief that it was necessary, so as to prevent the deceased from inflicting grievous bodily harm upon him, his shooting was legal and the verdict should be not guilty. *Answer:* This point is refused as it stands; but if the jury believe from the evidence, that the prisoner had reason to believe that it was necessary to shoot to

prevent the deceased from inflicting grievous bodily injury upon him, and so believing, did shoot to save himself from injury, the shooting was excusable and your verdict should be that of not guilty. [4]

2. If the jury believe that the prisoner did not consider himself to be in imminent danger of receiving grievous bodily injury from his wife at the time he shot her, but have a reasonable doubt that he fired the fatal shot with the deliberately formed design and specific intention to kill her, your verdict should be of a lower grade than murder of the first degree, and if you find that he killed her under the influence of a sudden passion growing out of a quarrel then in progress between them, the verdict should not be of a higher degree than voluntary manslaughter. *Answer :* This point is affirmed, but so far as the evidence tending to reduce the offense, if any, to manslaughter, you will recollect that the prisoner himself said that he was perfectly cool and was not in a passion at the time he fired the shot. [3]

At the close of the charge, after granting the request of a juryman to have the stenographer read a portion of Mrs. Ward's testimony a juryman addressed the court as follows :

I would like to make another inquiry in regard to that plan, to find out the height of the show case and the stand, and was the young boy O'Malley so that he could see it from the street.

By the Court: We cannot go over this evidence again. You will have to take the case as you find it. You may have the plan, however. [5]

Verdict of guilty of murder of the first degree.

*Errors assigned* were (1, 6) rulings on evidence, quoting the bill of exceptions ; (2–4, 7) above instructions, quoting them ; (5) answer to question of juryman, as above.

*D. F. Patterson*, with him *E. J. Smail* and *Thomas L. Kerin*, for appellant, cited as to the charge: Com. v. Bowman, 171 Pa. 448 ; McKelvy v. Ins. Co., 161 Pa. 279 ; Cole v. High, 173 Pa. 590 ; Com. v. Silcox, 161 Pa. 484 ; Dosch v. Diem, 176 Pa. 603 ; Trust, etc., Co. v. R. R., 177 Pa. 38 ; Herrington v. Guernsey, 177 Pa. 175 ; Lerch v. Bard, 177 Pa. 197 ; Larzelere v. Tiel, 3 Pa. Superior Ct. 109 ; as to the question of self-defense :

Com. v. Carey, 2 Brewst. 404; as to the question of intoxication: Jones v. Com., 75 Pa. 403; Com. v. Cleary, 135 Pa. 86.

*John C. Haymaker*, district attorney, with him *Edwin H. Stowe*, assistant district attorney, for appellee, were not heard.

OPINION BY MR. JUSTICE McCOLLUM, February 6, 1899:

Anthony McGowan was charged with and indicted for the murder of his wife. On his arraignment he met the charge with the plea of not guilty. His trial resulted in a verdict against him of murder of the first degree. The verdict was sustained by the trial court and sentence according to law was pronounced upon it. On his appeal to this Court it is alleged that errors were committed on the trial which require a reversal of the judgment. The alleged errors are said to consist of certain questions put to the defendant by the trial court on his examination as a witness in his own behalf; of the answers of the court to the defendant's first and second points; of its refusal to grant the request made by a juryman; of its ruling upon the offer of the defendant to prove by Bernard Rowan that when he boarded with the defendant and his wife in 1889 she kept a speak-easy, and of the instructions to the jury in the general charge.

As the questions now complained of were not objected to on the trial, and their relevancy to the defense set up in the appellant's account of the murder is not denied, they furnish no basis for an assignment of error or for just criticism. The answers to the questions were in accord with his explanation of the homicide and with his conduct immediately following it. His testimony descriptive of his alleged altercation with his wife, before and when he shot her, showed a degree of self-possession and coolness on his part inconsistent with fear, excitement or rage. There was really nothing elicited by the answers to the questions complained of which was at variance with his previous testimony. There is therefore no error in that part of the charge which is the subject of the second assignment, or in the answer to the appellant's second point. The court had an undoubted right to express its opinion upon the evidence and where, as in this case, the jurors were instructed that the questions of fact depending upon it were determinable by them and

not by the court, the expression of the opinion furnishes no ground for complaint. "In charging a jury in a homicide case, the court may express an opinion that there is nothing in the case to reduce the crime to manslaughter, where the same is not given as a binding instruction, and is moreover warranted by the evidence: " McClain v. Commonwealth, 110 Pa. 263. As there is nothing discoverable in the appellant's evidence which has a tendency to reduce his offense to manslaughter the court did not err in saying so. There is certainly nothing in his answers to the questions of the court which can possibly be construed as having such a tendency. It follows therefore that there is no misstatement of the evidence prejudicial to his defense.

There is no error in the answer of the court to the appellant's first point. The substance of the point is that if the appellant at the time he fired the fatal shot was acting under the belief that it was necessary to shoot his wife in order to prevent her from inflicting grievous bodily harm upon him, he was entitled to an acquittal. The only modification of the point in the answer of the court to it is that if the appellant had reason to believe it was necessary to shoot her to prevent the infliction of such bodily harm upon him then his homicidal act was excusable. In McDermott v. State, 89 Indiana, 187, it was held that "a homicide purposely committed is not excusable on the ground of self defense unless the accused reasonably believed it necessary to save his own life or avoid great bodily harm." To the same effect is Murray v. Commonwealth, 79 Pa. 312, and Pistorius v. Commonwealth, 84 Pa. 158. The modification complained of is not only in accord with the decisions of this Court, but with the decisions of the courts of other states, and with the view taken of the subject by Mr. Bishop in his treatise on criminal law. To what we have already said respecting the answers of the court to the appellant's first point we may add that his counsel has not referred us to any decision of this Court which sustains the point or condemns the answer to it.

We find nothing in the fifth or sixth assignments of error which requires discussion or is prejudicial to or violative of any right of the defendant.

The excerpt from the charge which is the subject of the seventh assignment is not opposed to the settled law regarding the

matter to which it relates. In 1 McClain on Criminal Law, section 162, it is said: "But even though there is intoxication there may be deliberation and premeditation, and if the evidence shows these elements of murder in the first degree to have been present, the intoxication will not reduce the murder to the second degree." To the same effect is Keenan v. Commonwealth, 44 Pa. 55, and Bishop on Criminal Law, section 410.

Upon a careful consideration of the assignments and of the evidence in the case we are satisfied that there is no error in the rulings and instructions complained of which warrants a reversal of the judgment, and that the verdict was fully authorized by the evidence.

Judgment affirmed and record remitted for the purpose of execution.