GEORGE BUSH V. STATE OF NEBRASKA.

FILED MARCH 18, 1896.   No. 8203.

1. **Review**: CONTINUANCE: RULINGS BELOW.  An assignment of
error for the overruling of a motion for a continuance
will not be considered by this court when the record fails
to disclose that such motion was passed upon by the trial
court.

2. **Instructions**: EXCEPTIONS: REVIEW.  Instructions will not
be reviewed unless the record shows they were excepted
to when given.

3. ———: REPETITIONS.  It is not error to refuse an instruc-
tion where the substance thereof has been given to the
jury in other instructions.

4. **Burglary**: EVIDENCE.  *Held,* That the evidence sustains a
conviction for burglary.

ERROR to the district court for Lancaster
county.   Tried below before TIBBETS, J.

*Coffin & Stone,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A.
Day, Deputy Attorney General,* for the state.

NORVAL, J.

The defendant, George Bush, was tried and
convicted on a charge of feloniously breaking and
entering a dwelling-house in the night time with
the intent to commit a larceny.   Judgment and
sentence of imprisonment in the penitentiary for
the period of eight years were entered against
him, from which he prosecutes error to this court.

The defendant's motion to strike out the un-
authenticated statement of the trial judge, found
in the transcript, of what transpired during the

proceedings, is sustained, as it is not made part of the record in this case.

It is argued that the court erred in overruling the defendant's motion for a continuance. With the statement above referred to eliminated from the record there is nothing to show that the defendant's application for a continuance was not granted, or if denied that an exception was taken to the ruling.   This assignment is not, therefore, well taken.

Criticisms are made in the brief of the second, third, fourth, fifth, sixth, ninth, and tenth instructions given by the court on its own motion.   The record fails to disclose that an exception was taken to the giving of any of said instructions, hence no foundation has been laid for their review here, and they will not be considered. (*Heldt v. State*, 20 Neb., 492; *Hill v. State*, 42 Neb., 519; *Carleton v. State*, 43 Neb., 373; *Gravely v. State*, 45 Neb., 878.)

The defendant requested twenty-one instructions, all of which were refused by the court, and an exception was taken to such refusal.   We have examined the several requests to charge, and find that in so far as they correctly state the law applicable to the case they have been fully covered by the instructions given, therefore it was not reversible error to refuse to repeat them. (*Kerkow v. Bauer*, 15 Neb., 150; *City of Lincoln v. Smith*, 28 Neb., 762; *Olive v. State*, 11 Neb., 1.)

It is argued that the evidence failed to show that the breaking and entering of the building occurred in the night-time.   If the state's witnesses are to be believed, the crime was committed during the night-season.   There is in the record some evidence tending to show that it was

daylight at the time the defendant effected an
entrance to the building. The jury passed upon
the conflicting evidence, and we discover no rea-
son why their verdict should be disturbed.

AFFIRMED.