ELMER A. JOHNSON, APPELLEE, V. JAMES C. ISH,
APPELLANT.

FILED NOVEMBER 14, 1911. No. 16,925.

1. Appeal: INSTRUCTIONS. It is not reversible error to give to the
jury an unnecessary instruction, which is a correct statement of
a proposition of law, unless the complaining party appears to
have been prejudiced thereby.

2. Trial: REFUSAL OF INSTRUCTIONS. Where the district court has fully
and fairly instructed the jury upon a particular point, it is not
error to refuse to give further instructions thereon.

3. **Assault and Battery:** Exclusion of Evidence. Assignment of error for the exclusion of certain evidence commented. on, and found to be without merit.

4. ———: Damages. In an action for damages for assault and battery, where the testimony was conflicting as to the nature and extent of the plaintiff's injuries, a judgment should not be held excessive if the record contains substantial evidence supporting it.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Affirmed.*

*Byron G. Burbank,* for appellant.

*W. W. Slabaugh* and *J. W. Battin, contra.*

Barnes, J.

Action in the district court for Douglas county to recover damages sustained by the plaintiff from an assault and battery alleged to have been committed upon him by the defendant. The plaintiff had a verdict for $1,000. The court required him to remit therefrom the sum of $400. A remittitur was filed, and the court thereupon rendered a judgment for the plaintiff for $600 and costs. The defendant has appealed.

Defendant contends that the court erred in giving instruction numbered 7, which reads as follows: "Plaintiff claimed that the defendant assaulted him maliciously. The law infers malice where an act is done without legal excuse, and where in itself it amounts to an unwarranted assault upon another. An act done with legal excuse is without malice." The argument is that, because malice was not alleged in the petition, it was error for the court to instruct the jury upon that question. While the word "malice" is not found in the plaintiff's petition, still the facts alleged therein, and which were established by the evidence, were sufficient to constitute malice in its legal sense, and while it is probable that the instruction was unnecessary, still, as an abstract proposition of law, it was correct and affords the defendant no ground for a new trial.

Defendant assigns error for the refusal of the court to give the jury paragraph 6 of the instructions requested by him. This instruction was, in substance, that in no event could the plaintiff recover punitive damages under the laws of this state, and the damages recoverable were only those actually flowing from the blow inflicted upon the plaintiff's head. Of this argument, it is sufficient to say that the trial court fully covered that point by paragraph 10 of the instructions given 'on his own motion, and therefore was not required to further instruct the jury upon that question. *Bush v. State*, 47 Neb. 642; *Brumback v. German Nat. Bank*, 46 Neb. 540; *Beavers v. Missouri P. R. Co.*, 47 Neb. 761.

Defendant further contends that the district court erred in instructing the jury that, although they should find from the evidence that the defendant was fire reporter, and was wearing a policeman's star, such position and star gave him no other and further rights to remove persons from the pasture in controversy than that possessed by any individual in possession or under control of said pasture. It appears that defendant, at the time the assault was committed, was a fire reporter of the city of Omaha; and, it is claimed by defendant's counsel, was a special policeman. It further appears that plaintiff, with others, was engaged in playing base ball in a pasture lot in the city of Omaha, of which the defendant's mother was the lessee; that when the defendant was informed that the game was in progress he put on his uniform, also a policeman's badge, took a policeman's club, and, accompanied by his wife, went to the pasture, as he stated, to order the players to leave the inclosure. It appears that when he arrived there he seized a boy of the name of Kennedy by the collar and started to take him to the patrol station; that plaintiff and others (who were grown men) remonstrated with defendant, and asked him to let the boy go, and stated that, if he desired to arrest any one, to arrest one of them; that defendant's wife seized the ball bats used by the players,

and proceeded to carry them away; that one Powell, who was behind Mrs. Ish, pulled his bat from under her arm and threw it out of the field. She made an outcry, and thereupon the defendant released the boy and started for the other players, and struck, or struck at, them with his club; that they left the field, and the plaintiff said to defendant, in substance: I have known you for a number of years. We did ·not mean anything wrong. I do not like to see you act this way. To which defendant replied: "Get out of here." Plaintiff then said: "I will; just give me time," and walked towards the fence. Defendant followed him, and struck him on the head with his club, and this is the assault which was the foundation of this action. We think, that under this state of facts, the instruction complained of was correct, for it cannot be seriously contended that either the boy (Kennedy) or the plaintiff was found in the overt act of committing such a crime as would authorize the defendant, even if he was a special policeman, to arrest either of them without a warrant from some competent authority. Therefore the jury were properly told that the defendant had no further or greater right to remove the persons from the inclosure than was possessed by any individual in possession or control of the pasture.

It is further contended that the court erred in refusing to instruct the jury that they should disregard all of the testimony relating to any alleged assault by the defendant upon two of the other players, named Powell and Dart. An examination of the abstract discloses that this point was fully and explicity covered by a similar instruction given by the court upon his own motion, and therefore the request was properly refused.

Error is assigned for the refusal of the court to allow Mrs. Ish to testify of her physical condition at the time when the transaction above described took place; and it is argued that the plaintiff was justified in going to her assistance; but it is not claimed that the plaintiff had assaulted her, or had even spoken to her, and the fact

that Powell had taken his ball bat from her and thrown it into the street afforded the defendant no excuse for afterwards assaulting and striking the plaintiff while he was in the act of leaving the pasture. We are therefore of opinion that the court did not err in excluding this evidence.

Finally, it is contended that the judgment is excessive. It appears that the evidence as to the nature and extent of plaintiff's injuries was somewhat conflicting. It was clearly shown, however, that the blow from defendant's club knocked the plaintiff down and cut a gash in his scalp deep enough to reach the bone; that it rendered him at least partially unconscious; that he bled profusely, and was compelled to wear a bandage upon his head for some time; that since then he has suffered from attacks of dizziness, and at the time of the trial was still suffering from the effects of his injuries. The jury, upon consideration of all of the evidence, returned a verdict in plaintiff's favor for $1,000, which upon due consideration the trial court reduced to $600. From a careful review of all of the evidence, we are unable to say that the judgment is excessive.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.