THE STATE OF IOWA v. STRONG.

Where it appears from the transcript of a record in the Supreme Court, that the cause was submitted to the court below, upon the record and evidence, to be decided in vacation, it will be presumed that this was not done, except by consent.

The appellate court will not presume that any improper testimony was admitted by the court below.

A bill of exceptions, showing the improper testimony admitted, is the proper mode of bringing the matter to the attention of the Supreme Court.

Where a *scire facias* recited, that at the September term of the district court for Marion county, A. D. 1854, an indictment was preferred by the grand jury against one A. T. S. for larceny ; that at the next April term of said court, the said defendant appeared, and upon affidavit filed, moved for a change of venue in the cause; that the venue was changed by the court to Monroe county ; and the said A. T.

S., together with T. L. S. his surety, in open court, entered into a recognizance, whereby they acknowledged themselves indebted to the State of Iowa, in the sum of $500, to be void on condition that the said A. T. S., indicted as aforesaid, but who, *by mistake in the recital of said recognizance*, is stated to have been indicted at the April term of said district court, instead of the *September term*, and who had obtained a change of venue to the county of Monroe, should be and appear at the next term of the district court for Monroe county, and not depart without leave of the court; which said bond was duly taken and approved, and remains of record; and that at the said next ensuing term of the district court for Monroe county, the said A. T. S. not appearing, according to his said recognizance, to answer to said indictment, when solemnly called, but wholly neglecting and refusing so to do, his default was entered of record, and his said recognizance forfeited; and where T. L. S., the only defendant served, appeared and answered, denying the truth of the matters set out in the *scire facias*; that there was any such record as was averred; that there was any mistake in the recital of the recognizance, as to the term of court at which the indictment was found; and that the said T. L. S. ever became the surety of the said A. T. S. upon any bond to appear and answer any indictment, except the one found and presented by the grand jury of Marion county, at the April term, 1855—upon which answer issue was joined; and where the cause was submitted to the court upon the record and evidence, and was taken under advisement, to be decided in vacation; and where, in vacation, the court decided that the said T. L. S. had failed to show cause, and rendered judgment against him for the amount of the recognizance, and costs: *Held*, That there was no error in the record.

*Appeal from the Monroe District Court.*

THURSDAY, APRIL 15.

This is a proceeding by *scire facias*. The writ recites that at the September term of the district court for Marion county, A. D. 1854, an indictment was preferred by the grand jury, against one Andrew T. Strong, for larceny; that at the next April term of said court, A. D. 1855, the said Strong appeared, and upon affidavit filed, moved the court for a change of venue in the cause, that the venue was thereupon changed by the court to the county of Monroe, and the said Andrew T. Strong, together with Thomas L. Strong, his surety, in open court, entered into a bond

or recognizance, whereby they acknowledged themselves indebted to the state of Iowa in the sum of five hundred dollars, to be void, on condition that the said Andrew T. Strong, indicted as aforesaid, but who *by mistake in the recital of said bond*, is stated to have been indicted at the April term of said district court, instead of the *September term*, and who had obtained a change of venue to the county of Monroe, should be and appear at the next term of the district court for Monroe county, and not depart without leave of the court, which said bond was duly taken and approved, and remained of record; and that at the said next ensuing term of the district court for Monroe county, the said Andrew T. Strong, not appearing according to his said recognizance, to answer said indictment, when solemnly called, but wholly neglecting and refusing so to do, his default was entered of record against him, and his said recognizance forfeited; whereupon the said Andrew T. Strong, and Thomas L. Strong, are required to show cause why the said recognizance shall not be estreated, and the State of Iowa have execution thereof.

Andrew T. Strong was not served, and made no appearance to the writ of *scire facias*: Thomas L. Strong, the appellant, answered, denying the truth of the matters and things set out in the writ; and that there was any such record as averred; that there was any mistake in the recital of the recognizance as to the term of the court at which the indictment was found; and that defendant ever became the surety of Andrew T. Strong upon any bond to appear and answer any indictment, except the one found and presented by the grand jury of Marion county, at April term, 1855.

On this answer, issue was joined, and the cause was submitted to the court, upon the record and evidence; and was by the court taken under advisement to be decided in vacation. On the 26th of May, being in vacation, the court being fully advised in the premises, rendered its decision, that the defendant, Thomas L. Strong, had wholly

failed to show any good cause in excuse for the default entered upon the recognizance, and that the same be adjudged forfeited, and that the State of Iowa recover of the said Thomas L. Strong the amount of the recognizance and costs.

*James Baker*, for the appellant.

*George May*, for the appellee.

STOCKTON, J.—We see no valid objection to the proceedings had in the district court; so far as they are brought to our notice, they appear to have been regular. If there was any irregularity, the appellant has failed to show it by the record. It is assigned for error that the court permitted testimony to be introduced to contradict the record, and admitted testimony outside of the record. Yet there is nothing to show these facts, nor to show what the testimony was, if any such was introduced. If there was any irregularity in entering judgment in vacation, it is a sufficient answer to the objection, that the record shows that the cause was submitted upon the record and evidence, to be decided in vacation. It will not be assumed by us, that this was done except by consent.

It is objected further, that the court erred in refusing to defendant a bill of exceptions upon overruling his demurrer, and upon the rendition of final judgment. An affidavit of counsel is filed in the cause, with a view of calling the attention of this court to the subject, which states that bills of exception were prepared and placed in the hands of the court, in anticipation of its decision, with the request that they might be signed and made part of the record, if the decision was adverse to the defendant. If the court refused to allow proper exceptions to any of its decisions, and if there was any error in such refusal, it was error without prejudice. Bill of exceptions to the decision on the demurrer, and to the judgment against defendant, were not what his cause required. These were already

as much a part of the record as any bill of exceptions could have made them.

The issue joined between the parties, was upon the plea of *nul tiel record*, and upon the facts alleged in the writ of *scire facias*. What evidence was given by the parties, in support of the issues on either side, is not made to appear. A bill of exceptions, showing this improper testimony, if any such was introduced, as alleged, was the proper mode of bringing the matter to the notice of this court. We cannot presume that any improper testimony was introduced. It is not pretended that defendant did not have an opportunity to except to improper testimony, or that the court refused to sign and allow all proper exceptions to its admission.

Judgment affirmed.