## CHARLES MOECK

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa September 27, 1881.*

1. INSTRUCTION—*construed*—*as to whether it assumes that a witness had been contradicted.* An instruction given on behalf of the prosecution upon the trial of a person indicted for manslaughter, and who testified in his own behalf, directed the jury that in determining the degree of credibility to be accorded to the testimony of the accused, they should take into consideration the fact, if it was a fact, that he had been contradicted by other witnesses. On objection that the jury would understand from this that the court believed the accused had been contradicted, it was *held*, that the instruction would not bear any such construction.

2. CRIMINAL LAW—*reasonable doubt.* On a criminal trial the court instructed the jury as to what should be regarded as a reasonable doubt, as follows: That "in considering the case the jury are not to go beyond the evidence to hunt up doubts, nor must they entertain such doubts as are merely chimerical or conjectural. A doubt, to justify an acquittal, must be reasonable, and it must arise from a candid and impartial investigation of all the evidence in the case, and unless it is such that were the same kind of doubt interposed in the graver transactions of life it would cause a reasonable and prudent man to hesitate and pause, it is insufficient to authorize a verdict of not guilty. If, after considering all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt." It was *held*, the instruction correctly stated the rule.

3. PRACTICE—*evidence received without objection.* On the trial of a person upon an indictment for manslaughter, a witness testified to a remark made by the wounded man to the accused, after the arrest of the latter, to the effect that the former did not think he, the prisoner, would have done the shooting, as he had always treated him like a brother, to which the prisoner made no reply. On error, it was objected that the evidence was inadmissible; but there having been no objection made in the court below, it was *held*, it could not be taken in this court for the first time.

4. EVIDENCE—*dying declaration exonerating one who had inflicted a death wound.* The declarations of one who had received a mortal wound by the hand of another, made shortly before his death, exonerating the person who inflicted the wound from any blame in the affair, when so remote from the transaction as not to be considered as a part of the *res gestæ*, are not admissible in evidence in favor of the person inflicting the injury, upon his trial for the homicide. Dying declarations are not admissible in exoneration of the accused.

1881.]      MOECK *v.* THE PEOPLE.      243

Statement of the case.    Opinion of the Court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Charles Moeck was indicted for manslaughter, for the killing of Adam Conrad, by shooting with a pistol, on the night of November 6, 1880, in the city of Chicago. Upon the arrest of Moeck he was taken to the police station, and while there, Conrad, the wounded man, said to Moeck, as testified to by two witnesses, Wiley and Elliott, "Charley, I did not think you would do that,—I always used you like a brother," the witnesses stating that Moeck made no reply. This testimony was not objected to in the court below. Other facts in the case are sufficiently set forth in the opinion of the court.

Messrs. FORRESTER & FELSENTHAL, for the plaintiff in error, Mr. W. W. O'BRIEN, of counsel.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. HENRY WENDELL THOMSON, Assistant State's Attorney, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The grand jury of Cook county, at the November term, 1880, of the Criminal Court of that county, presented an indictment against Charles Moeck for manslaughter, by the killing of Adam Conrad. To this indictment accused filed a plea of not guilty. A trial was had by the court and a jury, at the June term, 1881, which resulted in a verdict of guilty, as charged, and fixed the term of his confinement in the penitentiary at ten years. Thereupon defendant entered a motion for a new trial, assigning reasons therefor, but the court overruled the motion and rendered judgment on the verdict, and defendant prosecutes a writ of error, and brings the record to this court, and urges a reversal.

Numerous objections are urged for reversal. It is first urged, that the court erred in giving the second instruction for the People, in telling the jury that in determining the degree of credibility to be given to the testimony given by accused, the jury should take into consideration the fact, if it was a fact, that he had been contradicted by other witnesses. It is said that this was calculated to induce the jury to conclude the court believed accused had been contradicted. The instruction is not subject to any such criticism. Such is not the scope or import of the language, and as men of ordinary intelligence it could not have misled the jury.

It is urged that the third instruction is erroneous as to what is a reasonable doubt. This instruction seems to have been copied from one that was given in the case of *Miller* v. *The People*, 39 Ill. 457, which was approved, referring to *Pate* v. *The People*, 3 Gilm. 644; and *Reins* v. *The People*, 30 Ill. 256, is referred to as supporting its correctness, and others might be added. The doctrine holding this instruction good, we regard as well settled in this court.

It is objected that the court erred in permitting Wiley and Elliott to testify to what Conrad said to accused at the station. It is enough to say that there was no objection made to its admission, or exception preserved in the record. When such evidence is thus received without objection it is waived, and can not be raised in this court for the first time. There is, therefore, no force in this objection. As to whether it proved anything or not was for the jury. If they believed accused did not hear it, they no doubt regarded it of no consequence. If they believed he did hear it, and made no reply, they were to determine what weight, if any, it should receive.

It is next urged that the court erred in excluding the declarations of deceased, made shortly before his death, in substance that he struck accused, and he was not to blame. They were made so long after the occurrence as to preclude

all claim that they were a part of the *res gestæ*. They were, therefore, mere hearsay evidence, and were not admissible. Under the decision in the case of *Adams* v. *The People,* 47 Ill. 376, they were not admissible as evidence. It was there said, the dying declarations of deceased, that "he did not wish accused hurt for what he had done, and that accused had done nearly right, etc., affords no evidence of anything more than a truly christian spirit on the part of one who had been unjustly done to death, and who, in his dying agonies, was willing to forgive the malefactor." It is true this was newly discovered evidence on which a new trial was urged, but was said not to be evidence for the jury.

It is insisted that it was improper to ask accused, when he was testifying on the stand, whether or not the pistol with which he shot deceased was the same with which he shot at Murphy, and he should not have been permitted to answer. It is a sufficient answer to this objection to say, that when the question was asked no objection was made to its being answered, no motion made to exclude it, nor any instruction asked telling the jury to disregard it. No objection or exception of any kind was taken, or even intimated. If an objection lay to the question and answer, it was waived, and can not be now raised for the first time in this court.

It was a fact for the finding of the jury, from the evidence, whether deceased died from the effects of the shot, or from some other cause. We think there was an abundance of evidence to warrant the finding that his death was caused by the wound inflicted by the pistol shot. We therefore feel that we would be wholly unwarranted in reversing on the ground that there was a want of evidence as to the killing. Nor do we see that the time for which plaintiff in error was sentenced to be confined in the penitentiary was excessive. The evidence would, we think, have justified the finding of a much longer period.

We do not see that the court below erred in overruling the motion for a new trial. The evidence was entirely sufficient to sustain the verdict. A careful examination of the record and full consideration of arguments of counsel for plaintiff in error fail to enable us to perceive any error in the record, and the judgment of the court below is therefore affirmed.

<div align="right">

*Judgment affirmed.*