## CERECEDO *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
PORTO RICO.

No. 285.   Argued October 13, 1915.—Decided October 25, 1915.

Postponing consideration of a motion to dismiss until the hearing of
the case on the merits is not a decision that the court has power to
review the judgment.

The rule in cases coming from the District Court of the United States
for Porto Rico is that the existence of constitutional questions must
appear in a bill of exceptions.

Even though this court may have an extraordinary discretion in ex-
treme cases to supply the absence of a bill of exceptions, there is
no ground in this case for the exercise of such discretion.

THE facts, which involve the jurisdiction of this court
to review judgments of the District Court of the United
States for Porto Rico, are stated in the opinion.

*Mr. Paul Fuller* and *Mr. Howard Thayer Kingsbury*,
for plaintiffs in error submitted:

This court has jurisdiction.

The search warrants were void and the searches and

VOL. CCXXXIX—1                                         (1)

seizures made thereunder were in violation of the Constitution.

· The trial court should have ordered the return of the papers unlawfully seized and should not have admitted them in evidence.

The United States attorney should have returned upon defendants' demand the papers unlawfully seized.

Private papers written by the defendants or any of them, taken from their possession by compulsory process, should not have been admitted in evidence.

The trial court admitted other incompetent and irrelevant evidence.

The trial court's refusal to extend the time in which to file a bill of exceptions, and to permit the substitution of the supplemental assignment of errors was an abuse of discretion.

In support of these contentions, see *Adams* v. *New York,* 192 U. S. 585; *Boyd* v. *United States,* 116 U. S. 616; *Burton* v. *United States,* 196 U. S. 283; *Chateaugay Iron Co.* v. *Blake,* 144 U. S. 476; *Crowley* v. *United States,* 194 U. S. 461; *Downes* v. *Bidwell,* 182 U. S. 244; *Entick* v. *Carrington,* 19 Howell's St. Tr. 1029; *Guardian Assurance Co.* v. *Quintana,* 227 U. S. 103; *Herbert* v. *Butler,* 97 U. S. 319; *Hall* v. *United States,* 150 U. S. 76; *Hardy* v. *Harbin,* 154 U. S. 598; *Rodriguez* v. *United States,* 188 U. S. 156; *Wilson* v. *United States,* 149 U. S. 60; *Williams* v. *United States,* 168 U. S. 382; *Weeks* v. *United States,* 232 U. S. 383.

*Mr. Assistant Attorney General Warren* for the United States.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

The plaintiffs in error prosecute this writ under the assumption that the court below denied rights asserted

by them under the Constitution, by refusing as prayed, to return papers taken from them under a search warrant and in permitting the papers over objection to be offered in evidence. There is no bill of exceptions in the record and nothing which enables us to lawfully ascertain the existence of the constitutional questions relied upon. *Clune* v. *United States,* 159 U. S. 590; *Metropolitan R. R. Co.* v. *District of Columbia,* 195 U. S. 322; *Porto Rico* v. *Emanuel,* 235 U. S. 251, 255.

There is nothing, therefore, before us unless there be merit in contentions to the contrary which are pressed and which we briefly dispose of. First: On the face of things it is obvious that the postponing at the last term of the consideration of a motion to dismiss was not a decision of the question of power to review. Second: Even indulging, for the sake of the argument only, in the assumption of the correctness of the proposition urged that an extraordinary discretion might exist in some extreme case to supply the entire absence of a bill of exceptions, we see no ground whatever for the premise that this is a case of that character.

*Dismissed for want of jurisdiction.*